```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

ROBERT O. IDAHOSA,            *

     Plaintiff,               *

vs.                           *
                                      CASE NO. 4:15-CV-209-CDL
COLUMBUS, GEORGIA, et al.,    *

     Defendants.              *
```

O R D E R

This action arises from a traffic citation that escalated into several encounters between Plaintiff Robert O. Idahosa and local officials in Richland and Columbus, Georgia. Idahosa, proceeding *pro se*, sues the City of Richland, Columbus Consolidated Government ("CCG"), the Columbus Police Department, the Muscogee County Jail, several city and county officials in their individual and official capacities, and Pioneer Credit Recovery, Inc. ("Pioneer"), a private company that the City of Richland contracted with to collect a traffic citation fine from Idahosa. Idahosa alleges that Defendants violated his rights under the Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and Georgia state law. Pending before the Court is Pioneer's motion to dismiss for insufficient service of process and failure to state a claim (ECF No. 7). In

response to Pioneer's motion to dismiss, Idahosa alleges new facts and claims against Pioneer under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCA") (ECF No. 9). In light of Idahosa's *pro se* status, the Court construes Idahosa's response as a motion to amend his complaint. Idahosa also filed a motion to perfect service by waiver, which the Court construes as a motion for an extension of time to serve Defendants (ECF No. 13). The Court finds that Idahosa should be allowed to amend his complaint and be given an extension of time within which to accomplish service of it. Accordingly, Pioneer's motion to dismiss is denied.

## FACTUAL ALLEGATIONS

Idahosa alleges the following facts in his complaint and response to Pioneer's motion to dismiss.

In July 2012, Idahosa received a traffic citation in Richland, Georgia. He pled no contest to the charge and paid a $224.00 fine on May 1, 2013. Shortly thereafter, Pioneer started contacting Idahosa. Pioneer called Idahosa's home before 8:00 a.m. and after 9:00 p.m. Pioneer also sent several demand letters to Idahosa. The letters state that the City of Richland contracted with Pioneer to collect a debt that Idahosa owes Richland. Idahosa contacted Pioneer in writing and by phone several times and explained that he does not owe a debt to

Richland. He has asked Pioneer to stop contacting him, but Pioneer has not stopped.

On December 25, 2013, Idahosa and his friend, who are both black, were driving through Idahosa's predominantly white neighborhood. Officer William Love of the Columbus Police Department pulled Idahosa over because he "look [sic] suspicious." Compl. ¶ 22. Idahosa asked Officer Love, who is white, if he pulled Idahosa over because he is black. Officer Love did not respond. Officer Love eventually issued Idahosa a citation for driving with a suspended license and instructed Idahosa's friend to drive him home. Later that month, Idahosa called the Richland Municipal Court Clerk's office to find out why his license was suspended. He was told that the Richland Clerk, Wanda Wilson, was on vacation overseas and could not help him.

Idahosa's court date for the driving with a suspended license citation was at 9:00 a.m. on February 10, 2014. But Idahosa did not arrive at the court house until between 9:30 a.m. and 10:00 a.m. because he could not read the time that Officer Love wrote on the citation. When he arrived, a white female clerk in the Columbus Recorder's Court office told Idahosa that he had missed his hearing and that a bench warrant was issued for his arrest. The clerk informed Idahosa that his bond was $1,000 and that he could call someone to post the full

bond plus costs or post 10% of the bond in cash. Idahosa was unable to contact anyone to post bond. He had $322.00 cash and a credit card with him and attempted to post his own bond. The clerk told Idahosa that he could not post his own bond. She called a sheriff deputy to arrest him. The sheriff deputy handcuffed Idahosa and took him to jail.

During the jail booking process, Idahosa told deputies and jail nurses about his medical conditions. Idahosa has diabetes, hypertension, high cholesterol, arteritis, and a painful heart murmur. Idahosa urged jail nurses several times that he needed food and medication because of his diabetes. The jail nurses never provided Idahosa with either. Idahosa was not released from jail until after midnight. As a result of not having any food or his diabetes medication for almost a full day, Idahosa suffered a diabetic episode with sweating, dizziness, and a blood sugar level of over 400.

Idahosa went to court again for the driving on a suspended license citation on February 19, 2014. He was charged with driving without a license and contempt of court for not appearing at his first hearing. The court found Idahosa not guilty of contempt but guilty of driving without a license. Idahosa was sentenced to jail time, community service, and probation, and made to pay court costs and probation fees. Idahosa tried to file an appeal immediately after the hearing

but the Recorder's Court clerk told him that he had no right to appeal.

On September 8, 2014, Idahosa received a letter from Richland Clerk Wilson indicating that the Richland Clerk's office mistakenly reported to the Georgia Department of Motor Vehicles that Idahosa's license should be suspended.  Idahosa took this letter to the Columbus Recorder's Court clerk's office to ask for a new trial on his driving without a license citation, but his request was denied.  Based on these facts, Idahosa filed this action and mailed the complaint to all Defendants by certified mail.

## RULE 12 (b)(5) MOTION TO DISMISS

### I. Standard

The Court may dismiss a complaint for improper service of process if the defendants are not served within 90 days after the complaint is filed.  Fed. R. Civ. P. 4(m) & 12(b)(5).  But the Court has discretion to extend the time period for service of process.  *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (holding that "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause").  Additionally, when service has been attempted but is ineffective, the Court has discretion to quash the ineffective service but allow the plaintiff additional time to perfect proper service.

5

**II. Discussion**

Idahosa did not properly serve Pioneer under Rule 4 within 90 days of filing his complaint. Rule 4 provides that a corporate defendant may be served:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). "Delivering" the summons and complaint requires personal service on the corporation's designated agent. *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (per curiam). Here, Idahosa attempted to serve Pioneer by sending a copy of his complaint to Pioneer by certified mail. Thus, Idahosa's service is insufficient under Rule 4(h).

Rule 4 also provides that a plaintiff may serve a corporation using a method of service allowed in the state where the district court is located or where service is made. *Dyer*, 318 F. App'x at 844; Fed. R. Civ. P. 4(e)(1). This Court is located in Georgia and Pioneer was served in Florida. Neither Georgia nor Florida allows service by certified mail without a waiver. O.C.G.A. § 9-11-4(e)(1)(A) (providing that a corporation must be served by delivering a copy of the summons and complaint to a managing or registered agent of the

6

corporation or the Georgia Secretary of State); *Dyer*, 318 F. App'x at 844 (acknowledging that Florida Rule of Civil Procedure 1.070(i) only allows service by mail if the defendant agrees to waive personal service). Thus, Idahosa's attempted service on Pioneer is ineffective.

Nevertheless, dismissal is not warranted here. Idahosa asked the Court for an opportunity to seek a waiver of service from Defendants under Rule 4(d). Pl.'s Resp. to Mot. to Dismiss 14, ECF No. 9; Pl.'s Mot. to Perfect Service, ECF No. 13. And Idahosa has not been dilatory or negligent in attempting to serve Pioneer. Rather, Idahosa genuinely believed that serving Pioneer by certified mail complied with the Federal Rules.[1] Moreover, Pioneer is not prejudiced by untimely service. Pioneer states that on February 2, 2016, it received a copy of the summons and complaint via certified mail. Although this "actual notice is not sufficient to cure defectively executed service," *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam), the fact that Pioneer received prompt notice of this action favors allowing Idahosa another opportunity to attempt to serve Pioneer. Accordingly, the Court quashes

---

[1] Idahosa argues that he personally served Pioneer because the "Post Master" who perfected service on Pioneer was "over 18 years old" and "not a party" to this action. Pl.'s Resp. to Mot. to Dismiss 8, ECF No. 9. Additionally, Idahosa thought, albeit mistakenly, that the Georgia and Florida rules allowed service by certified mail.

Idahosa's ineffective service and grants an extension of time for service, as specified below.

## MOTION TO AMEND AND 12(b)(6) MOTION TO DISMISS

### I. Standard

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court need not, however, allow amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). "Generally, '[w]here a more carefully drafted complaint might state a claim'" on which relief may be granted, amendment is not futile and "a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Id*. (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).

To overcome the futility obstacle for a motion to amend, the proposed complaint should meet the standard for surviving a motion to dismiss, which is that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

8

Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id.* at 556.

## II. Discussion

Pioneer argues that Idahosa did not state a claim against Pioneer under the United States Constitution, the ADA, the Rehabilitation Act, or Georgia law and that amendment to add claims against Pioneer under the Fair Debt Collection Practices Act is futile. But Idahosa's allegations that Pioneer called him before 8:00 a.m. and after 9:00 p.m. and that Pioneer continued to contact him after he asked Pioneer to stop arguably state claims under the FDCPA. *See* 15 U.S.C. § 1692c(a)(1) (prohibiting calls before 8:00 a.m. and after 9:00 p.m.); 15 U.S.C. § 1692c(c) (providing that if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease communications, the debt collector must cease communications with limited exceptions). Thus, allowing amendment to add these allegations and claims is not futile.

Pioneer also contends that Idahosa's complaint is a fatally defective "shotgun pleading" because Idahosa does not specify which claims he asserts against which Defendants. But, given Idahosa's *pro se* status and indication that he wishes to clarify his complaint, the Court will give Idahosa an opportunity to fix that deficiency. The Court notes that Defendant Darr has also

9

filed a motion to dismiss.  Although that motion is not yet ripe, Idahosa should consider whether his amended complaint should also include additional allegations against any of the other Defendants in order to state his claims in this action more clearly.

Idahosa should file an amended complaint, adding his FDCA claims against Pioneer and specifying which claims he asserts against which Defendants, within 21 days of today's Order.  Idahosa shall have 60 days after filing his amended complaint to properly serve his amended complaint on all Defendants as required by law.  The Court emphasizes that unless a Defendant expressly waives personal service, Idahosa must serve that Defendant personally pursuant to Rule 4 and other applicable law.

## CONCLUSION

For the reasons stated above, the Court denies Pioneer's motion to dismiss (ECF No. 7) and grants Idahosa's construed motion for an extension of time for service (ECF No. 13) and construed motion to amend (ECF No. 9).  Idahosa shall file his amended complaint within 21 days of today's Order.  Idahosa shall properly serve his amended complaint on all Defendants within 60 days after filing it.

IT IS SO ORDERED, this 2nd day of June, 2016.

                                          S/Clay D. Land
                                          CLAY D. LAND
                                          CHIEF U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA